IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

INTERNATIONAL LONGSHORE & WAREHOUSE UNION-PACIFIC MARITIME ASSOCIATION WELFARE PLAN BOARD OF TRUSTEES,

Plaintiff,

v.

SOUTH GATE AMBULATORY SURGERY CENTER, a California limited liability company; JEFFREY T. HO, M.D., an individual; STEWART GOLDSTEIN, M.D., an individual; SHPS HEALTH MANAGEMENT SOLUTIONS, INC, a Delaware corporation; and DOES 1 through 50, inclusive,

Defendants.

No. C 11-01215 WHA

**ORDER GRANTING DEFENDANT'S MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION**

## INTRODUCTION

In this ERISA action for recovery of alleged overpayments and erroneous payments, defendant Dr. Stewart Goldstein moves for a good faith settlement determination pursuant to California Code of Civil Procedure Section 877.6. For the following reasons, the motion is **GRANTED**.

## STATEMENT

Plaintiff International Longshore & Warehouse Union-Pacific Maritime Association Welfare Plan Board of Trustees (the "Board") is the administrator and named fiduciary of the International Longshore & Warehouse Union-Pacific Maritime Association Welfare Plan (the "plan"). The plan is an employee welfare benefit plan established pursuant to ERISA

United States District Court
For the Northern District of California

(First Compl. ¶¶ 10–11). The plan, as a plaintiff, was previously dismissed pursuant to Rule 12(b)(1) for lack of standing (Dkt. No. 69 at 6–7). The plan provides coverage to its members for medical care that is medically necessary, meets established treatment protocols in the United States, and is not experimental. By its own terms, the plan pays only usual, customary, and reasonable rates for services that are covered (First Amd. Compl. ¶¶ 21–22).

Defendants and cross-complainants Jeffrey T. Ho, M.D., and Stewart Goldstein, M.D., are physicians who have provided medical services to plan members at defendant South Gate Ambulatory Surgery Center's facilities. Defendants submitted claims to the plan for services provided to plan members, and plaintiff paid them. In this action, plaintiff now seeks the return of some of the money it paid to the doctors for those claims (*id.* at ¶¶ 12–15, 26–27).

The plan provided, in pertinent part (*id.* at ¶ 19):

> If a third party provider of Benefits hereunder, through error, misrepresentation, or fraud, receives payment of Welfare Fund assets in an amount greater than the amount authorized under the Plan, the Trustees, in their sole, absolute, and unreviewable discretion, may collect the amount of any such overpayment(s) and any amounts expended or incurred in investigating the matter and collecting the overpayment(s) (including, but not limited to, expenses of the Trustees' staff and reasonable fees of any investigators, attorneys, and/or consultants retained by or on behalf of the Trustees). The Trustees also may, in their sole, absolute, and unreviewable discretion, disallow any future assigned Benefit claims presented by such provider, and take any other action they may deem necessary or appropriate under the circumstances.

A recent ongoing review by professional experts revealed that a substantial percentage of the medical services underlying the claims defendants submitted to the plan since approximately 2008 were not medically necessary, not generally accepted in the medical field, and/or not performed in accordance with established treatment protocols. Additionally, the amounts billed exceeded the usual, customary, and reasonable rates for medical services covered by the plan. Plaintiff therefore asserts that the claims were not covered by the plan (*id.* at ¶¶ 27–29). Defendants are not plan members, but plaintiff alleges that defendants submitted the claims pursuant to contractual assignments from plan members. Plaintiff argues that in doing so, defendants agreed to the plan's provision requiring the repayment of erroneous payments and overpayments (*id.* at ¶ 26).

2

1    Plaintiff filed the instant action seeking restitution of those payments deemed to be
2 overpayments or payments made to the defendants in error. Plaintiff alleges the existence of
3 an equitable lien or a constructive trust on the overpayments and erroneous payments, and seeks
4 restitution and declaratory and injunctive relief. Plaintiff's complaint is directed at all
5 defendants and alleges on agency theories that each is joint and severally liable (*id.* at ¶ 15).
6 On October 17, 2011, defendant Dr. Goldstein filed his answer to plaintiff's complaint asserting
7 several affirmative defenses, counter claims, and several state-law cross-claims. Defendant also
8 filed a counter claim against SHPS Health Management Solutions, Inc (Dkt. No. 79). Defendant
9 is seeking approximately $1,000,000 in damages (Dkt. No. 80).

10   Plaintiff and defendant Dr. Goldstein have reached a settlement agreement by which
11 Dr. Goldstein will release all claims against plaintiff, and vice versa, and all releases will be
12 with prejudice. The settlement further provides that Dr. Goldstein will pay $40,000 to plaintiff.
13 Dr. Goldstein now moves for approval of the settlement and a determination that it is in good
14 faith, and therefore binding on all defendants and parties which might seek indemnity from
15 Dr. Goldstein (Br. 3–5). All named defendants received notice of Dr. Goldstein's motion,
16 signed a joint stipulation to the settlement and filed notices of non-opposition (Dkt. Nos. 98,
17 104–05, 111). In addition, they also requested relief from appearance, which was granted
18 (Dkt. Nos. 110, 113). This order follows full briefing and a hearing.

**ANALYSIS**

20   A court sitting in diversity has discretion to determine that a settlement is in good faith
21 pursuant to California Code of Civil Procedure Section 877. *Mason & Dixon Intermodal, Inc. v.*
22 *Lapmaster Int'l LLC*, 632 F.3d 1056, 1064 (9th Cir. 2011). The California Good Faith
23 Settlement statute provides that when a settlement is determined by a court to have been made in
24 good faith, the settlement "bar[s] any other joint tortfeasor or co-obligor from any further claims
25 against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial
26 or comparative indemnity, based on comparative negligence or comparative fault." CAL. CIV.
27 PROC. CODE § 877.6(c). The party applying for a good faith settlement determination is required
28 to give notice of its application to all other parties and to the court. CAL. CIV. PROC. CODE

3

§ 877.6(a). "A settling tortfeasor's section 877.6, subdivision (c) good faith settlement determination discharges indemnity claims by other tortfeasors, whether or not named as parties, so long as the other tortfeasors were given notice and an opportunity to be heard." *Gackstetter v. Frawley*, 135 Cal. App. 4th 1257, 1273 (2006). "Once there is a showing made by the settlor of the settlement, the burden of proof on the issue of good faith shifts to the nonsettlor who asserts that the settlement was not made in good faith." *City of Grand Terrace v. Superior Court*, 192 Cal. App. 3d 1251, 1261 (1987).

### 1. THE SETTLEMENT IS IN GOOD FAITH.

Dr. Goldstein has carried his burden in proving the existence of the settlement. No party has challenged the settlement for lack of good faith. All named defendants received notice of Dr. Goldstein's motion, signed a joint stipulation to the settlement and filed notices of non-opposition (Dkt. Nos. 98, 104–05, 110). There is no indication of the existence of unlawful collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants. No additional defendants have been identified, and none showed up to the hearing held on May 3, 2012. Pursuant to Section 877.6, this order holds that the settlement agreement is in good faith.

### CONCLUSION

For the foregoing reasons, defendant Dr. Goldstein's motion for a good faith settlement determination is **GRANTED** as to all parties given timely notice of this motion and opportunity to appear. Any claims which have been or may be asserted by South Gate Ambulatory Surgery Center, Dr. Jeffrey T. Ho, and SHPS Management Solutions, Inc. against Dr. Goldstein as a joint tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault are therefore barred.

**IT IS SO ORDERED.**

Dated: May 10, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4